No. 24,600.

THE STATE OF KANSAS, *Appellee*, v. ROY SAYER, *Appellant*.

SYLLABUS BY THE COURT.

1. HOMICIDE—*Record Examined and No Error Found in the Judgment.* The record in a homicide case examined and no error in the judgment discerned therein.

2. SAME—*Not Error for State to Show That Deceased Did Not Use Weapons When Fighting.* In a prosecution for murder, where evidence for defendant had tended to show that the deceased had assailed the defendant with lumps of coal and other missiles, and that he was coming towards defendant carrying a shovel and threatening to beat the life out of defendant when the latter shot him, and that the deceased was a quarrelsome, fighting man, it was not error for the state to show that the deceased was never known to use weapons of any sort in any of his fights, either as boy or man.

3. COURT'S INSTRUCTIONS—*An Excerpt From the Court's Instructions Not Sufficient to Predicate Error.* An inaccurate excerpt of a line and a half excised from the text of an instruction covering four printed pages of the abstract forms no basis upon which error may be predicated, and presents nothing for review.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed March 10, 1923. Affirmed.

*C. A. McNeill*, of Columbus, for the appellant.

*Richard J. Hopkins, Charles B. Griffith*, attorneys-general, *Leo Armstrong, R. E. Rosenstein*, county attorneys, *Charles Stephens*, and *F. E. Dresia*, both of Columbus, for the appellee.

The opinion of the court was delivered by

DAWSON, J.:   The defendant was prosecuted for the murder of Ben Flannigan, and was convicted of manslaughter in the first degree.

That defendant shot and killed Flannigan was not a matter of dispute.   It appears that defendant and Flannigan, the deceased, had been partners in a strip pit coal mine, and one Claude Henderson had been their employee.   The partners disagreed and Flannigan took over the business.   Some balance of accounts due Henderson and defendant were to be paid in coal.   On the day of the homicide Flannigan was at work in the pit uncovering coal and loading his wagon, and Henderson was waiting at the pit for a load. Defendant appeared with a team and wagon to get a load, and Flannigan told him he would have to wait his turn.   Defendant drove back to his home and procured a shot gun and returned to the coal pit.   By that time Henderson had gone.   Defendant shot Flannigan and drove on to Crestline, some miles distant, passing several near-by houses on the way, and informed a banker friend that a man was hurt "up north."   The banker insisted that defendant should tell him the facts, and then defendant admitted that he had shot Flannigan at the coal pit, and asked the banker to get a doctor and undertaker. . The banker, together with a doctor and nurse, hastened to the pit and found Flannigan expiring from gunshot wounds.

At the trial defendant gave his version of the tragedy, which, if believed by the jury, would have tended to show some basis for a defense of justifiable homicide—that Flannigan threw lumps of coal and other missiles which struck the defendant, and that the deceased had climbed out of the coal pit, brandished a shovel and came towards the defendant, threatening to beat the life out of him, and that defendant then shot him in self-defense and hastened away, and that owing to the smoke of the gunpowder he could not see what happened to Flannigan.   The theory or pretense of the defendant apparently was that Flannigan had fallen off the bank back into the pit after being shot.   This evidence and possibility were discredited by various matters of evidence, circumstantial and otherwise, and defendant's conviction followed.

No formal assignment of errors is presented, but defendant's counsel assures us that "there never was a greater miscarriage of

justice than in this case." A careful perusal of the record leaves no such impression in our minds. Quite the contrary.

When the defense had produced some evidence tending to show that the deceased was a quarrelsome, vicious man and a fighter, the state was permitted to show that he was never known to use weapons of any kind in such fights as he had engaged in, as boy or man. This is urged as error, but the point is without merit; and, moreover, the record fails to show any objection to this testimony.

Some fault is found with the instructions, and an excerpt of a line and a half inacurately excised from an instruction which covers four pages of the abstract is quoted to show error. This is not a proper method of presenting a question of law for appellate review. However, the entire instruction, and indeed all the instructions, have been read and duly considered, and no error to the prejudice of defendant is discerned therein.

Judgment affirmed.

HOPKINS, J., not sitting.